UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>CLYDE ALLEN VINCENT,<br><br>     Defendant. | Case No. 20-cr-40048-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on two motions filed by defendant Clyde Allen Vincent. The first is a motion to reduce sentence, which the Court construes as a motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 63). The second is a request for free copies of court documents (Doc. 64).

**I.   Motion for Compassionate Release**

Before moving for compassionate release in a United States District Court, a defendant must either (1) "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) wait "30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the defendant does not allege that he followed either route to exhaustion.

However, exhaustion is an affirmative defense to be invoked by the Government. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). At this time, the Court will give the Government an opportunity to invoke exhaustion as an affirmative defense before proceeding to briefing on the merits of the motion for compassionate release. Accordingly, the Court

**ORDERS** that the Government shall have 14 days from entry of this order to file a motion to dismiss on exhaustion grounds or, in the alternative, a notice that it will not be asserting an exhaustion defense. If a motion is filed, the defendant shall have 14 days to respond to the motion, and the Government shall have 7 days to reply to that response.

## II.     Free Copies

To the extent Vincent requests existing documents, defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

To the extent Vincent requests transcripts, no transcripts have been prepared in this case. A defendant has a right to a free transcript under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to

obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Vincent has not made the showings this Court requires before it will provide free copies of court documents or order a transcript to be prepared at the public's expense. He has failed to provide sufficient evidence that he is indigent and cannot pay for the documents he requests. He has not shown he has exhausted all avenues of obtaining copies of the documents in the court files. And finally, he has not shown that he needs these documents for a specific non-frivolous court action. Therefore, the Court **DENIES** his motion (Doc. 64) **without prejudice** to another motion that addressed the relevant factors.

**IT IS SO ORDERED.**
**DATED:  August 24, 2023**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**